UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| QUINTIN JAMAR MAYWEATHER-BROWN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:14 CV 2089 |
|  | ) |  |
| STEFFANY BIGGLER, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### OPINION AND ORDER

Quintin Jamar Mayweather-Brown, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE #1.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603.

Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mayweather-Brown is currently incarcerated at the Newcastle Correctional Facility ("Newcastle"). He brings a number of claims against four different defendants arising out of his incarceration at the Elkhart County Jail, where he was confined as a pretrial detainee. To start, Mayweather-Brown alleges that while incarcerated at the Elkhart County Jail, he was subjected to cruel and unusual punishment under the orders of the warden, Lt. Steffany Biggler. Mayweather-Brown complains that he was denied a mattress for eighteen hours a day, requiring him to sleep on the concrete floor. This resulted in Mayweather-Brown having consistent migraines, neck pains and sleep deprivation.

Because Mayweather-Brown was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*. In evaluating an Eighth Amendment claim, the court conducts both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v.*

*Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish an Eighth Amendment violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

If the conditions are serious enough to satisfy the objective inquiry, the court must then determine whether the prison official acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, giving Mayweather-Brown the inferences to which he is entitled, he alleges that he was denied adequate bedding, satisfying the objective prong of the Eighth Amendment inquiry. *See Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008) (lack of proper bedding constituted denial of civilized measure of life's necessities); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (pretrial detainee's allegation that he was

housed for approximately 10 days without adequate heat, clothing, and bedding stated a Fourteenth Amendment claim).

With respect to the subjective prong, Mayweather-Brown alleges that Lt. Biggler was not only personally aware of these conditions, but that she ordered Mayweather-Brown be deprived of a bed so that he would have to sleep on a concrete floor. If proven, these allegations could establish deliberate indifference. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate repeatedly complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"); *see also Vinning-El v. Long*, 482 F.3d 923, 924-25 (7th Cir. 2007) (observing that deliberate indifference can be established through circumstantial evidence, by showing that the conditions would have been obvious to prison personnel "working in the vicinity"). Although further factual development may show that Mayweather-Brown was housed under these conditions to prevent him from hurting himself or for some other legitimate reason, giving him the inferences to which he is entitled at this stage, he has stated enough to proceed with this claim.

Next, Mayweather-Brown alleges Lt. Biggler inflicted cruel and unusual punishment by instructing officers to allow plaintiff to harm himself. Mayweather-Brown inflicted injuries upon himself while confined at the Elkhart County Jail by tying things around his neck and cutting his left arm. However, no officers intervened because Lt. Biggler instructed them only to document these incidents, not to get involved. While further factual development may show Lt. Biggler's instructions were

reasonable or justified, Mayweather-Brown has stated a claim. Indeed, this court can imagine a scenario where Lt. Biggler had the authority, and would be constitutionally obligated, to stop Mayweather-Brown from harming himself. *Freeman v. Berge*, 441 F.3d 543 (7th Cir. 2006). It is plausible that failing to take any corrective action could be found to be deliberate indifference. *Duane v. Lane*, 959 F.2d 673 (7th Cir. 1992).

Mayweather-Brown's remaining claims do not state a plausible claim for relief. He claims that he was denied a phone call from a law firm. However, even pre-trial detainees are not entitled to use of the telephone. *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1145 n.2 (7th Cir. 1983) ("We find no Sixth Amendment right to place a phone call, be it to an attorney or family members."). Furthermore, "[t]he very object of imprisonment is confinement . . . [a]nd, as our cases have established, freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted).

Next, Mayweather-Brown complains that he was denied legal copies and his legal material was thrown away. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendant's conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, an inmate must "spell

out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* The court must also bear in mind that prison officials are afforded discretion in regulating how and when inmates are given access to legal materials. *See Lewis*, 518 U.S. at 351-52; *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Here, Mayweather-Brown merely states that he was denied legal copies when he was *pro se* and that officers threw away some undescribed legal material. As explained above, this alone does not give rise to an actionable First Amendment claim. He must spell out some type of prejudice to a potentially meritorious legal claim, and he has not done so. In sum, he has not alleged a plausible claim for denial of access to the courts.

Next, Mayweather-Brown sues Judge S. Bowers, an Elkhart Superior Court Judge who presided over his underlying criminal case, because he told Judge Bowers of his problems with Elkhart County Jail but Judge Bowers did nothing to remedy the problem. Mayweather-Brown's claim cannot proceed, because the judge is entitled to absolute immunity for his actions taken in connection with Mayweather-Brown's criminal case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (a judge is entitled to absolute immunity for judicial acts regarding matters within his jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."). This is true even if Mayweather-Brown believes the judge acted improperly. *See id*. Accordingly, Judge Bowers will be dismissed as a defendant.

Next, Mayweather-Brown brings suit against Sheriff Brad Rogers for not responding to Mayweather-Brown's complaints of officer misconduct at the Elkhart County Jail. High-ranking correctional officials cannot be held liable simply because they may have received inmate correspondence about a problem. *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (concluding that even if written complaints were addressed to the sheriff and another correctional official, "neither could realistically be expected to be personally involved in resolving a situation pertaining to a particular inmate unless it were of the gravest nature."). Because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, Sheriff Rogers cannot be held liable simply because he oversees operations at the jail or supervises other correctional officers. *Burks,* 555 F.3d at 594. Accordingly, Sheriff Rogers will be dismissed as a defendant.

Finally, Mayweather-Brown alleges Investigator Ron Harvey disposed of a video of an officer making false accusations against him. It appears as though Mayweather-Brown was convicted of a crime based on an officer's accusations and Investigator Harvey destroyed video evidence which showed the officer's accusations were false. To the extent Mayweather-Brown claims Investigator Harvey did something improper that resulted in him being convicted of a crime, that would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in any event. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. In other words, a Section 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Unless Mayweather-Brown's conviction is vacated or otherwise invalidated, he cannot seek damages for any alleged wrongful conviction or false imprisonment. As such, he cannot proceed on these claims at this juncture.

For these reasons, the court:

(1) **GRANTS** Quintin Jamar Mayweather-Brown leave to proceed against Lt. Steffany Biggler in her individual capacity for monetary damages for failing to provide him with adequate bedding while at the Elkhart County Jail in violation of the Fourteenth Amendment;

(2) **GRANTS** Quintin Jamar Mayweather-Brown leave to proceed against Lt. Steffany Biggler in her individual capacity for monetary damages for cruel and unusual punishment by allowing Mayweather-Brown to inflict harm upon himself while at the Elkhart County Jail in violation of the Fourteenth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Judge S. Bowers, Sheriff Brad Rogers and Ron Harvey;

(5) **DIRECTS** the United States Marshals Service to effect service of process on Lt. Steffany Biggler pursuant to 28 U.S.C. § 1915(d); and

(6) **ORDERS** Lt. Steffany Biggler to respond, as provided for in the Federal Rules of Civil Procedure, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: June 2, 2015

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT
