UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| QUINTIN JAMAR MAYWEATHER-BROWN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:14 CV 2089 |
|  | ) |  |
| CORRECTIONAL CARE SOLUTIONS, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Quintin Jamar Mayweather-Brown, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 30.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mayweather-Brown is currently incarcerated at the Reception and Diagnostic Center ("RDC"). He brings a number of claims against nine different defendants arising out of his incarceration at the Elkhart County Jail, where he was confined as a pretrial detainee. Mayweather-Brown alleges that while incarcerated at the Elkhart County Jail, he was subjected to cruel and unusual punishment. Because Mayweather-Brown was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

In order to violate the Eighth Amendment, deprivations must be "unquestioned and serious" and deprive prisoner of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d

488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. --,--, 135 S.Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 535.).

To start, Mayweather-Brown complains that Captain Jhon Perry and Gary Yoder denied him a mattress for eighteen hours a day, requiring him to sleep on the concrete floor. He also claims he was deprived of clothes and blankets and the cell had inadequate heat. This resulted in Mayweather-Brown having consistent migraines, neck pains and suffering from sleep deprivation. Giving Mayweather-Brown the inferences to which he is entitled, his allegations that he was denied adequate clothing, bedding or adequate heat, satisfy the objective prong of the Eighth Amendment inquiry. *See Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008) (lack of proper bedding constituted denial of civilized measure of life's necessities); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (pretrial detainee's allegation that he was housed for approximately 10 days without adequate heat, clothing, and bedding stated a Fourteenth Amendment claim). In addition, Mayweather-Brown alleges that there was no legitimate purpose for housing him under such conditions. Although further factual development may show that Mayweather-Brown was housed under these conditions to

prevent him from hurting himself or for some other legitimate reason, giving him the inferences to which he is entitled at this stage, he has stated enough to proceed with this claim.

Next, Mayweather-Brown alleges Captain Perry, Dr. Matthews, Gary Yoder, Nurse Robbin, Nurse Jessica, and Nurse Emily Ellory inflicted cruel and unusual punishment by allowing him to harm himself. Due to diagnosed mental disorders, Mayweather-Brown committed self-inflicted injuries and twice attempted suicide while confined at the Elkhart County Jail. However, each of the officers and medical providers refused to intervene. While further factual development may show that these defendants were reasonable or justified in their actions, Mayweather-Brown has stated a claim. Indeed, this court can imagine a scenario where these defendants had the authority, and would be constitutionally obligated, to stop Mayweather-Brown from harming himself. *Freeman v. Berge*, 441 F.3d 543 (7th Cir. 2006). It is plausible that taking no corrective action could be unreasonable. *Duane v. Lane*, 959 F.2d 673 (7th Cir. 1992).

Next, he brings suit against Sheriff Brad Rogers due to various incidents of officer and medical provider misconduct at the Elkhart County Jail. However, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, Sheriff Rogers cannot be held liable simply because he oversees operations at the jail or supervises other correctional officers. *Burks,* 555 F.3d at 594. Accordingly, Sheriff Rogers will be dismissed as a defendant.

Finally, Mayweather-Brown brings suit against Correctional Care Solutions and RN Ashlyn. However, he does not allege any wrongdoing on Correctional Care's behalf. It appears his suit against this entity is based solely upon it being the employer of various doctors and nurses. Like a municipal entity, a corporate entity acting under color of state law cannot be held liable based only on a theory of *respondeat superior*. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Thus, Correctional Care Solutions cannot be held liable solely because it is an employer. And, as Mayweather-Brown makes no allegations against RN Ashlyn in the body of the amended complaint, she must be dismissed at this juncture, too.

For these reasons, the court:

(1) **GRANTS** Quintin Jamar Mayweather-Brown leave to proceed against Captain Jhon Perry and Gary Yoder in their individual capacities for monetary damages for failing to provide him with adequate clothing, bedding, and heat while at the Elkhart County Jail in violation of the Fourteenth Amendment;

(2) **GRANTS** Quintin Jamar Mayweather-Brown leave to proceed against Captain Jhon Perry, Dr. Matthews, Gary Yoder, Nurse Robbin, Nurse Jessica, and Nurse Emily Ellory in their individual capacities for monetary damages for cruel and unusual punishment by allowing Mayweather-Brown to inflict harm upon himself while at the Elkhart County Jail in violation of the Fourteenth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Sheriff Brad Rogers, Correct Care Solutions and RN Ashlyn;

(5) **DIRECTS** the United States Marshals Service to effect service of process on Captain Jhon Perry, Dr. Matthews, Gary Yoder, Nurse Robbin, Nurse Jessica, and Nurse Emily Ellory pursuant to 28 U.S.C. § 1915(d); and

(6) **ORDERS** Captain Jhon Perry, Dr. Matthews, Gary Yoder, Nurse Robbin, Nurse Jessica, and Nurse Emily Ellory to respond, as provided for in the Federal Rules of Civil Procedure, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: March 30, 2016

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT