UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUINTIN J. MAYWEATHER-BROWN,

    Plaintiff,

    v.

STEFFANY BIGGLER, JHON PERRY,
DR. MATTHEWS, RN ROBBIN, and
GARY YODER,

    Defendants.

CAUSE NO. 3:14-CV-2089-JD-MGG

OPINION AND ORDER

Quintin J. Mayweather-Brown, a prisoner without a lawyer, filed a motion (ECF 313) for preliminary injunction asserting prison medical staff made incomplete, inaccurate, and false representations in his medical records while he was housed at the Elkhart County Jail, and seeking an order that the Defendants be prevented from using them in this action.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*,

735 F.3d 654, 665 (7th Cir. 2013). Furthermore, under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer*, 682 F.3d at 683 (quotation marks, brackets, and citations omitted).

In moving for injunctive relief, Mayweather-Brown asserts that, while he was housed at the Elkhart County Jail from March 20, 2014, through January 19, 2016, Health Services Administrator Robin Yohn and the prison's medical staff repeatedly made "incomplete, inaccurate, and false representations" about the severity of his mental illness in his medical records. (ECF 313 at 1, 3.) He asserts that Yohn, Captain John Perry, the Jail's Commanding Officer, and Dr. Josh Mathew, a psychiatrist employed by Correct Care Solutions, knew he suffered from a mental illness, but refused to send him to the state psychiatric hospital or administer "involuntary psychotropic medication to stabilize him." (*Id.* at 3.) Instead, he claims they simply chose to keep him at the Elkhart County Jail without appropriate medical treatment where he continued to engage in acts of self-harm, subjecting him to cruel and unusual punishment. (*Id.*)

Furthermore, Mayweather-Brown argues that defense counsel in this case used his medical records as a "weapon" against him by submitting them in support of a motion for summary judgment. (*Id*. at 3.) He claims that these inaccurate and false medical records do not tell the truth about his condition because they misrepresent the reality and severity of his mental illness. (*Id*. at 3-6.) Thus, Mayweather-Brown seeks injunctive relief against the continued use of "inaccurate, incomplete, or flat out subjective and/or biased medical records." (*Id*. at 7.) He asks that the court order the Defendants to identify and correct the false and incomplete records, expunge that information from his records, enter a judgment of $6,500.00 against the Defendants, and sanction defense counsel. (*Id*.)

Mayweather-Brown's motion will be denied. First, the court has already granted the Defendants' motion for summary judgment on the issue of whether he received constitutionally adequate medical care while he was housed at the Elkhart County Jail. (ECF 298.) In other words, the court found Mayweather-Brown's medical care to be objectively reasonable. Thus, the instant motion appears to be an attempt to relitigate issues already decided by this court. Furthermore, Mayweather-Brown has not produced any evidence to support his claim that Yohn and the prison's medical staff either altered or falsified his medical records by omitting relevant medical information or incorporating inaccurate information about his mental illness. Whether a motion for preliminary injunction or a motion to strike, the relief he seeks is unwarranted. As noted by the court in its summary judgment order, the medical records constitute

evidence that support the fact that Mayweather-Brown received constitutionally adequate medical care while he was housed at the Elkhart County Jail.

For these reasons, the motion for preliminary injunction (ECF 313) is DENIED.

SO ORDERED on December 16, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4